JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MACK WHITE, on behalf of himself, all other similarly situated, and the general public,<br><br>   Plaintiff,<br><br>   v.<br><br>BP PRODUCTS NORTH AMERICA, INC., a Maryland Corporation; and JOHN DOES 1-10,<br><br>   Defendants. | Case No. 5:24-cv-01827-SPG-SK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS [ECF NOS. 11, 20]** |

Before the Court is the motion to remand (ECF No. 11 ("Motion")) filed by the Plaintiff Mack White ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion and ORDERS the case be remanded to the Riverside County Superior Court. Further, given this ruling, the Court denies Defendant's separately filed motion to dismiss, (ECF No. 20), as moot.

## I. BACKGROUND

Plaintiff initiated this action in the Riverside County Superior Court on July 2, 2024, alleging that BP Products North America, Inc. and ten other unnamed defendants (collectively, "Defendants") had engaged in deceptive "drip pricing" in violation of California's Unfair Competition Law (UCL) and False Advertising Law (FAL). (ECF no. 1-1 ("Complaint") ¶ 4). The Complaint alleged that Defendants misled customers by tacking on an unadvertised $0.35 fee to every PIN debit card purchase made at certain AMPM convenience stores. (*Id.* ¶ 17). Plaintiff sought class certification for a class of similarly situated individuals who purchased items at AMPM stores and were charged these debit card fees. (*Id.* ¶ 29). As relief for the alleged violations of the UCL and FAL, Plaintiff seeks (1) restitution for class members harmed by Defendants' alleged violations; and (2) public injunctive relief prohibiting Defendants from continuing the alleged violations. (*Id.* at 11).

On August 26, 2024, Defendants filed a notice of removal with the Court, indicating that the Court had original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* (ECF no. 1 ("Notice of Removal")). Plaintiff filed the instant Motion on September 4, 2024, requesting that the Court remand to the Riverside County Superior Court. (Mot. at 2). Defendants timely opposed on September 30, 2024, (ECF no. 24 ("Opposition")), and Plaintiff replied on October 10, 2024, (ECF no. 30 ("Reply")). Defendants simultaneously filed a motion to dismiss Plaintiff's complaint, (ECF no. 20), which the Court held in abeyance, (ECF no. 32), pursuant to the parties' joint stipulation pending resolution of the instant Motion.

## II. LEGAL STANDARD

A civil action brought in state court may be removed by a defendant to federal district court if, at the time of removal, the case is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). CAFA confers original jurisdiction to the district courts over any class action in which the amount in controversy exceeds $5,000,000, any member of the class is a citizen of a state different from any defendant,

and the proposed class includes at least 100 members. 28 U.S.C. § 1332(d). "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens* ("*Dart Cherokee*"), 574 U.S. 81, 89 (2014). "Through CAFA, Congress broadened federal diversity jurisdiction over class actions by, among other things, replacing the typical requirement of complete diversity with one of only minimal diversity." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013).

To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The removing defendant bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). The Supreme Court has advised that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 574 U.S. at 89. Indeed, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id*. (quoting S. Rep. No. 109–14, p. 43 (2005)). *See also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.").

Where a plaintiff seeks remand of a removed action, the plaintiff may make either a "facial" or "factual" challenge to the defendant's jurisdictional allegations in the notice of removal. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (internal quotation marks, alteration, and citation omitted). "A factual attack contests the truth of the allegations themselves." *Id.* (internal quotation marks, alteration, and citation omitted). A defendant facing a "factual" challenge to its jurisdictional allegations bears the burden of providing "competent proof" that shows, by a preponderance of the evidence, that the jurisdictional requirements are satisfied. *Id.* at 699, 701. "[T]he removing party must be able to rely on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that

the amount in controversy exceeds $5 million, as long as the reasoning and underlying assumptions are reasonable." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (internal quotation marks and citation omitted). Although a plaintiff may present evidence in support of a factual attack, the plaintiff "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris*, 980 F.3d at 700.

**III. DISCUSSION**

In support of the Motion, Plaintiff makes two arguments. First, he asserts that under *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), the Court lacks Article III jurisdiction over his claim for injunctive relief because Plaintiff does not allege that he faces an actual or imminent threat of future harm. (Mot. at 3-4). Second, Plaintiff argues that under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), the Court lacks equitable jurisdiction to award restitution because Plaintiff does not allege that he otherwise lacks an adequate remedy at law. (Mot. at 4-5). While Plaintiff does not directly contest subject matter jurisdiction under CAFA, he argues that the Court must nevertheless remand this action because he does not assert any claims that the Court can adjudicate. (Mot. at 5-6).

**A.   Article III Standing for Injunctive Relief**

First, Plaintiff argues that the Court lacks jurisdiction over his claim for injunctive relief because he lacks Article III standing to assert the claim. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). At an "irreducible constitutional minimum," standing requires three elements: injury-in-fact, causation, and redressability. *Id*. at 560-61. A plaintiff "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). And a plaintiff seeking injunctive relief must demonstrate that the

threat of injury is "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

In *Davidson*, the Ninth Circuit emphasized that "[w]here standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" 889 F.3d at 967 (quoting *City of Los Angeles v. Lyons*, 461 US. 95, 111 (1983)). Applying this rule, the court held that the plaintiff had standing to seek injunctive relief under California's FAL where she alleged that she still intended to purchase the product again in the future despite the allegedly fraudulent advertising. *Id.* at 971. The court reasoned that such a consumer may still suffer an actual and imminent harm because "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* at 969.

Following *Davidson*, courts in this Circuit have repeatedly held that absent a clearly stated intention to purchase a product in the future, a plaintiff does not have standing to seek injunctive relief for false advertising. *See, e.g.*, *Lanovas v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) ("As [plaintiff] does not intend to purchase [defendant's] products in the future, it is unlikely that she will again be wronged in a similar way." (internal quotation marks and citation omitted)); *In re Coca-Cola Prod. Mktg. & Sales Pracs. Litig. (No. II)*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021) ("Without any stated desire to purchase [defendant's product] in the future, [plaintiffs] do not have standing to pursue injunctive relief."); *Turnier v. Bed Bath & Beyond Inc.*, No. 3:21-cv-1008-L-MSB, 2021 WL 3022430, at *2 (S.D. Cal. July 16, 2021) (concluding that because "[t]he sole allegation is that [plaintiff] is unlikely to be deceived again . . . there is not a sufficient likelihood of future harm" for standing purposes (internal quotation marks and citation omitted)); *Benton v. CVS Pharmacy*, 604 F. Supp. 3d 889, 893 (N.D. Cal. 2022) ("An intention to purchase in the future, however, is necessary to establish Article III standing.").

Here, Plaintiff has not alleged any intention to make future debit card purchases at AMPM stores. He therefore has not shown "a sufficient likelihood that he will again be

wronged in a similar way," *Davidson*, 889 F.3d at 967 (citation omitted), and lacks standing to assert his claim for injunctive relief. Accordingly, the Court lacks jurisdiction over this claim.

### B.    Equitable Jurisdiction over Plaintiff's Claim for Restitution

Second, Plaintiff argues that the Court lacks equitable jurisdiction over his claim for restitution because he has not alleged that he lacks an adequate remedy at law. Equitable jurisdiction concerns not "whether the claim falls within the limited jurisdiction conferred on the federal courts, but [] whether consistently with the principles governing equitable relief the court may exercise its remedial powers." *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975). "[E]ven though it is not an aspect of subject matter jurisdiction, whether a court possesses equitable jurisdiction is still antecedent to hearing a claim on the merits." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 874 (N.D. Cal. 2021). *See also Morales v. Trans World Airlines, Inc.* 504 U.S. 374, 381 (1992) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." (internal quotation marks, alteration, and citation omitted)).

In *Sonner*, the plaintiff voluntarily dismissed her sole state law damages claim under the Consumers Legal Remedies Act (CLRA) on the eve of trial and instead sought only state law equitable relief for restitution and injunctive relief under the UCL. 971 F.3d at 837. On appeal, the Ninth Circuit affirmed dismissal of the restitution claim, concluding that under the *Erie* doctrine, "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Id.* at 844. Because the plaintiff failed to "establish that she lack[ed] an adequate remedy at law," the court could not hear her claims for restitution. *Id.* Following *Sonner*, the Ninth Circuit in *Guzman v. Polaris Industries Inc.* concluded that even where a plaintiff's CLRA claim was involuntarily dismissed under the statute of limitations, the plaintiff "had an adequate legal

remedy in his time-barred CLRA claim," and the federal court therefore lacked equitable jurisdiction to hear a UCL claim for equitable relief. 49 F.4th 1308, 1313 (9th Cir. 2022).

Here, Plaintiff has not alleged that he lacks an adequate remedy at law; to the contrary, Plaintiff has intentionally limited the claims in his complaint to equitable remedies. While this choice may limit Plaintiff's potential recovery, "the plaintiff [is] the master of the claim" and "may avoid federal jurisdiction" by selecting only claims available in state court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Court agrees that because Plaintiff has not alleged any adequate remedy at law, the Court lacks equitable jurisdiction over his claim for restitution.

### C. Request for Remand

The parties substantially agree with the above conclusions that Plaintiff lacks Article III standing to assert his claim for injunctive relief and that the Court lacks equitable jurisdiction over Plaintiff's claim for restitution. However, they differ over the proper disposition of the case. Plaintiff argues that because the case was initially brought in state court, where standing and equitable jurisdiction would both exist under California law, the proper course of action is for the Court to remand. (Mot. at 5-6). Defendants, on the other hand, argue that subject matter jurisdiction still exists pursuant to CAFA, and that the shortcomings in Plaintiff's complaint are more appropriately addressed in the context of a motion to dismiss. (Opp. at 6-7).

Several district courts have addressed motions to remand under similar circumstances, and the clear majority has concluded that remand is the appropriate result. *See, e.g.*, *Linton v. Axcess Fin. Servs.*, No. 23-cv-01832-CRB, 2023 WL 4297568, at *4 (N.D. Cal. June 30, 2023); *Guthrie*, 561 F. Supp. 3d at 874; *Clevenger v. Welch Foods Inc.*, No. SACV 23-00127-CJC (JDEx), 2023 WL 2390630, at *5 (C.D. Cal. Mar. 7, 2023); *Granato v. Apple Inc.*, No. 5:22-cv-02316-EJD, 2023 WL 4646038, at *5 (N.D. Cal. July 19, 2023); *Ruiz v. The Bradford Exch., Ltd.*, No. 3:23-cv-01800-WQH-KSC, 2024 WL 2844625, at *5-6 (S.D. Cal. May 16, 2024); *Rogoff v. Transamerica Life Ins. Co.*, No. EDCV 24-1254 JGB (SPx), 2024 WL 5010642, at *4 (C.D. Cal. Dec. 6, 2024). As one

court noted, while remand may not necessarily be compelled due to lack of subject matter jurisdiction, it is an appropriate exercise of the court's discretion out of both "'regard for federal-state relations' and 'wise judicial administration.'" *Granato*, 2023 WL 4644038, at *5 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). *See also Ruiz*, 2024 WL 2844625, at *4 (concluding that "when a court lacks the power to grant an equitable remedy, it may decline to exercise jurisdiction and remand the case to state court" (citing *Cates v. Allen*, 149 U.S. 451, 460-61 (1893)); *Guthrie*, 561 F. Supp. 3d at 878 ("[I]f a removed suit is 'beyond the equitable jurisdiction of the federal court' but 'may be granted by the state court,' *remand* should follow." (quoting *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927))).

Defendants point to several cases that have reached the opposite result. However, in each case, the court retained jurisdiction over a non-equitable claim. *See Naseri v. Greenfield World Trade Ctr., Inc.*, No. SACV 21-01084-CJC (KESx), 2021 WL 3511040, at *1 (C.D. Cal. Aug. 10, 2021) (noting plaintiff's remaining claims under the Song-Beverly Consumer Warranty Act and the CLRA); *Lopez v. Cequal Commc'ns, LLC*, No. 2:20-cv-02242-TLN-JDP, 2021 WL 4476831, at *1 (E.D. Cal. Sept. 29, 2021) ("Plaintiff seeks various remedies, including damages."); *Treinish v. iFit, Inc.*, No. CV 22-4687-DMG (SKx), 2022 WL 5027083, at *1, 5 (C.D. Cal. Oct. 3, 2022) (noting plaintiff's claim for breach of warranty and distinguishing *Guthrie* as involving "a situation where only the equitable claims remained, and therefore remand was the only option for those claims to be heard at all"); *Fust v. Gilead Scis., Inc.*, No. 2:23-cv-2853 WBS DB, 2024 WL 732965, at *1 (E.D. Cal. Feb. 21, 2024) (noting plaintiff sought "actual and punitive damages"). Because "piecemeal remand in diversity cases is inappropriate," *Utne v. Home Depot U.S.A., Inc.*, No. 16-cv-01854-RS, 2022 WL 1443339, at *3 (N.D. Cal. May 6, 2022), dismissal would be the appropriate result where, as in the cases cited by Defendant, the court otherwise retained jurisdiction over some part of the complaint. But under the circumstances presented here, remand is both appropriate and "consistent with the commonsense notion that a defendant should not be able to avail itself of federal

jurisdiction only to turn around and argue that jurisdiction does not exist in order to have the case dismissed." *Clevenger*, 2023 WL 2390630, at *5.  Indeed, Defendants have filed a motion to dismiss in this case, arguing, among other things, that Plaintiff lacks standing to assert his claims.  (ECF no. 20-1 at 10).

Moreover, Defendant's proposal that the Court dismiss Plaintiff's claims would lead to untenable results; because such a dismissal would not be on the merits, Plaintiff could simply refile in state court, potentially creating "a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants and then (3) dismissal by this Court." *Guthrie*, 561 F. Supp. 3d at 880 (citation omitted).  Indeed, precisely this scenario played out in *Clevenger*, where, after granting the first motion to dismiss and facing substantially identical arguments in the refiled case, the court granted the plaintiff's motion to remand, noting that the defendants knew "full-well that this Court lacked jurisdiction to adjudicate the claims that Plaintiffs asserted." *Clevenger*, 2023 WL 2390630, at *5.

Because the Court lacks equitable jurisdiction over Plaintiff's claim for restitution and Plaintiff lacks standing to assert his claim for injunctive relief, there is no remaining claim that this Court can adjudicate.  Accordingly, the appropriate result is to remand this case to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to remand to the Riverside County Superior Court.  Defendant's pending motion to dismiss, (ECF no. 20), is DENIED as moot, and this case is closed.

**IT IS SO ORDERED.**

DATED: December 26, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE